UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON JUSTIN FULK,<br><br>                  Plaintiff,<br>    v.<br><br>BAER,<br><br>                  Defendant. | CASE NO. 2:24-cv-02048-DGE-MLP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 12) AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 13) |

    Before the Court are the Report and Recommendation ("R&R") of the Honorable Magistrate Judge Michelle L. Peterson (Dkt. No. 12) and Plaintiff's Motion for Appointment of Counsel (Dkt. No. 13). For the reasons stated below, the Court ADOPTS Judge Peterson's R&R and DENIES Plaintiff's Motion for Appointment of Counsel.

### I.    BACKGROUND

**A. Factual Background**

1    On December 5, 2024, Plaintiff filed a proposed complaint naming "Baer (first name unknown)," medical supervisor, as Defendant. (Dkt. No. 1-1 at 3.) He subsequently filed his complaint on December 17, 2024. (Dkt. No. 6.)

Plaintiff's complaint presents two counts. First, Plaintiff alleges Baer violated his rights "by not providing medical treatment for a potentially serious condition that had already been diagnosed by Western State Hospital." (*Id*. at 4.) Plaintiff claims "they" were deliberately indifferent to his medical needs. (*Id*.) He explains that on April 19, 2023, he was diagnosed with Hepatitis C by Western State Hospital. (*Id*. at 4.) On May 4, 2023, Plaintiff was transferred to King County Correctional Facility ("KCCF") where he reported the diagnosis. (*Id*. at 4–5.) Plaintiff states that "instead of quickly providing treatment, [KCCF] performed their own diagnosis," then, after confirming the diagnosis KCCF informed Plaintiff "that due to staff shortages related to the pandemic, [KCCF] would be unable to provide treatment." (*Id*. at 5.) Thus, Plaintiff alleges that from May 6, 2023, to September 10, 2023, he "was left waiting for treatment, thinking [he] might possibly die of this, or be left with some kind of permanent damage as a result of their refusal to treat this condition in a timely manner." (*Id*.) Further, Plaintiff alleges that he "sent many kites and grievances begging for this medical attention that was desperately needed but was not given what was required for several months." (*Id*.) Which, caused him "great mental anguish" that amplified his current "medical and mental health diagnosis." (*Id*.) Plaintiff claims he sustained harm in the form of "[s]evere mental anguish, intensified P.T.S.D.[,] compounded pain and anxiety, will need therapy/counseling." (*Id*.)

Second, Plaintiff alleges "clinical supervisor Baer was deliberately indifferent to [his] medical needs in spite of knowing [his] severe medical circumstances causing [him] severe pain and suffering and mental anguish, as a result of the medication not provided." (*Id*. at 6.)

1   Plaintiff asserts he suffers from various ailments including: "osteo perosis, degenerative bone
2   disease, severe back injuries to [his] lumbar region, severe arthritis, as well as being diagnosed
3   by St. Joes and Allenmore Internal Medicine with needing a new left hip[,]" "severe nerve pain
4   from two fusions in [his] neck, front and back on c-5 and c-6[,]"a "traumatized nervous system
5   from 8 surgeries and titanium in [his] right femur, both jaws and [his] neck[,]" and had a plate in
6   his finger removed.  (*Id*.)  Plaintiff alleged KCCF refused to prescribe him pain medication for
7   four weeks.  (*Id*. at 7.)  Further, even after KCCF prescribed him medicine, Plaintiff asserts it did
8   not provide an adequate amount and it was difficult to get refills.  (*Id*.)  Furthermore, Plaintiff
9   states he "cannot emphasize enough how much excruciating pain [he has] been in for over two
10  years that keeps getting worse because [he has] not been able to get the surgery and proper
11  medical care [he] need[s]."  (*Id*.)  Plaintiff seeks $400,000 in damages and "[he] want[s] [KCCF]
12  to give the next person the proper healthcare they need immediately."  (*Id*. at 10.)

13  **B. Procedural Background**

14  On December 17, 2024, Judge Peterson approved Plaintiff's application to proceed *in*
15  *forma pauperis*.  (Dkt. No. 5.)  On December 18, 2024, Judge Peterson issued an Order
16  Declining to Serve Complaint and Granting Leave to Amend.  (Dkt. No. 7.)  Therein, Judge
17  Peterson "identified deficiencies that Plaintiff must cure before the Court will order service."
18  (*Id*. at 1.)  Thus, Judge Peterson ordered Plaintiff to file an amended complaint curing the defects
19  identified by January 17, 2025.  (*Id*. at 6.)  Then on January 22, 2025, following a change of
20  address, Judge Peterson amended the deadline to February 3, 2025.  (Dkt. No. 11.)  On February
21  18, 2025, having not received an amended complaint Judge Peterson issued an R&R
22  recommending Plaintiff's complaint and this action be dismissed without prejudice.  (Dkt. No.
23  12.)

24

1      On February 25, 2025, Plaintiff filed a motion for appointment of counsel.  (Dkt. No. 13.)
Plaintiff states he is "confused about not being able to hold Baer the supervisor at fault in her
official capacity or individually."  (*Id*. at 1.)  Further, Plaintiff states he is confused that he
"need[s] to add specific dates and times that she denied [him] medications and was deliberately
indifferent" because "[a]ll those medical grievances do just that" and he "appealed decision after
decision" and "thought [he] was pretty thorough."  (*Id*.)  Additionally, Plaintiff states he didn't
know "if [he] was supposed to have specific names.  (*Id*.)  Further, Plaintiff claims KCCF did not
respond to his "seventeen (17) kites and a few grievances about [his] pro se material."  (*Id*.)

       Pursuant to 28 U.S.C. § 1915(e)(1), Plaintiff moves for appointment of counsel to
represent him in this case.  (*Id*. at 2.)  In support of his motion, Plaintiff states he is unable to
afford counsel.  (*Id*.)  Additionally, he asserts his imprisonment limits his ability to litigate, the
issues in this case are complex and will require significant research and investigation, and he has
limited access to the library and knowledge of the law.  (*Id*.)  Further, Plaintiff asserts a trial in
this case will involve conflicting testimony and counsel would better enable him to present
evidence and cross-examine witnesses.  (*Id*.)  Finally, Plaintiff states he suffers from mental
illness and cannot adequately defend himself or know how to proceed.  (*Id*.)

## II.     LEGAL AUTHORITY

### A. Standard of Review

A district court reviews *de novo* "those portions of the report or specified proposed
findings or recommendations to which [an] objection is made."  28 U.S.C. § 636(b)(1)(C); *see
also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the
magistrate judge's disposition that has been properly objected to.").  Objections to an R&R must
be "specific."  Fed. R. Civ. P. 72(b)(2).  Mere incorporation of arguments from the underlying

motions, without identifying "what portions of the R&R" the objecting party "considers to be incorrect," does not constitute a specific objection, *Amaro v. Ryan*, 2012 WL 12702, at *1 (D. Ariz. Jan. 4, 2012), and therefore does not give rise to a court's obligation to conduct a *de novo* review, *Brandon v. Dep't of Corr.*, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021). "In the absence of a specific objection, the court need only satisfy itself that there is no 'clear error' on the face of the record before adopting the magistrate judge's recommendation." *Venson v. Jackson*, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).

### B. Standard for Appointing Counsel

"[T]here is no constitutional right to appointed counsel for § 1983 claims." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, under 28 U.S.C. § 1915(e)(1), in exceptional circumstances, the Court can request counsel to represent a party proceeding in forma pauperis. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

### III.   DISCUSSION

### A. Judge Peterson's Report and Recommendation

The R&R recommends "Plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)." (Dkt. No. 12 at 1.) Judge Peterson reiterated the deficiencies identified in her prior order: (1) Plaintiff did not identify a viable defendant, (2) Plaintiff needed to allege that the defendant's own conduct violated his civil rights, and (3) a

mere lack of due care, and differing opinions over proper treatment, were insufficient to state a viable claim for inadequate medical care. (*Id.* at 2–3.)

Plaintiff did not file an objection to Judge Peterson's R&R. Moreover, even construing Plaintiff's motion for appointment of counsel (Dkt. No. 13) as an objection to Judge Peterson's R&R, Plaintiff does not identify portions of Judge Peterson's R&R he deems incorrect. Plaintiff merely states he is "confused" about the deficiencies identified in Judge Peterson's R&R. Therefore, the Court's obligation to conduct a *de novo* review is not triggered and the Court reviews Judge Peterson's R&R for "clear error." *Brandon*, 2021 WL 5937685, at *1; *Venson*, 2019 WL 1531271, at *1.

Under the Prison Litigation Reform Act of 1996, courts are required to screen complaints brough by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Courts must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Further, Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. Pro. 8(a). The factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must

allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show: (1) they suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To act "under the color of state law" the defendant must have exercised power "'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The causation argument of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he is legally required to do that caused the deprivation of rights complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). However, a supervisor may be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

In the underlying order, Judge Peterson identified Plaintiff did not "clearly assert in the body of his complaint a cause of action against this Defendant." (Dkt. No. 7 at 3.) Judge Peterson found it appeared Plaintiff sought to have Baer held liable based solely on their supervisor responsibility, which is not permitted under § 1983. (*Id*.) Thus, Judge Peterson stated that if Plaintiff sought to pursue claims against Baer, "he must allege facts showing that the supervisor was personally involved in the constitutional deprivation, or that an adequate causal connection exists between the supervisor's unlawful conduct and the constitutional violation." (*Id*.) Further, Judge Peterson found Plaintiff failed to "set forth plausible claims of inadequate medical care because he does not identify as Defendant a person who made intentional decisions that put him at substantial risk of serious harm." (*Id.* at 5.) Because "[w]hile Plaintiff refer[ed] throughout his pleading as to medical supervisor Baer, he does not articulate any specific facts showing that the medical supervisor Baer personally participated in causing him a constitutional harm." (*Id.*) Thus, Judge Peterson identified that if Plaintiff wished to pursue his claims of inadequate medical care, "he must assert his claims under the Fourteenth amendment, must identify the individuals responsible for the alleged deficient care, and he must set forth specific facts establishing that the individuals identified personally participated in causing him constitutional harm." (*Id*.) Judge Peterson further identified that while not clear, Plaintiff seems to complain about the grievance procedures at KCCF, for which no constitutional right exists, accordingly Plaintiff failed to state a claim under § 1983. (*Id.* at 6.)

The Court agrees with Judge Peterson's analysis. Plaintiff does not allege any facts in the body of his complaint demonstrating that Baer participated in the violation of Plaintiff's federal constitutional rights and Baer cannot be held liable based solely on supervisory responsibility. Plaintiff's motion for appointment of counsel, does not cure any of the deficiencies Judge

Peterson identified.  Further, while the medical records, kites, and grievances submitted along with Plaintiff's complaint may contain facts in support of Plaintiff's causes of action, Plaintiff must comply with Federal Rule of Civil Procedure 8(a) and provide a "short and plain statement" of his claim and the underlying facts entitling him to such relief.  Otherwise, the Court would be left to speculate as to how the records support his claims.

Accordingly, and finding no "clear error" the Court ADOPTS Judge Peterson's R&R.

**B. Defendants Motion for Appointment of Counsel**

As already identified, Plaintiff's complaint is deficient and therefore his present complaint is not likely to succeed on the merits.  In addition, Plaintiff's deliberate indifference claim is not complex.  *Kinford v. Moyal*, No. 2:18-CV-01890-RFB-EJY, 2021 WL 811449, at *2 (D. Nev. Jan. 22, 2021) ("Plaintiff's Eighth Amendment failure to protect and deliberate indifference to serious medical needs claims are not legally complex"); *see also Warren v. Nev. Dep't of Corrs.*, Case No. 3:17-cv-00228-MMD-WGC, 2020 WL 5044136, at *2 (D. Nev. Aug. 25, 2020) (Eighth Amendment failure to protect claim insufficiently complex to warrant an appointment of counsel); *Bacon v. Cox*, Case No. 2:18-cv-00319-JAD-NJK, 2019 WL 8013764, at *1 (D. Nev. Feb. 28, 2019) (Eighth Amendment deliberate indifference to serious medical needs claim insufficiently complex to warrant an appointment of counsel).  Furthermore, Plaintiff's bare allegations of mental illness are insufficient to warrant appointment of counsel. *Bradley-Zayas v. Robinson*, No. 3:22-CV-05307-DGE, 2022 WL 11212570, at *1 (W.D. Wash. Oct. 19, 2022) ("Plaintiff alleges that he suffers from a mental health impairment but does not detail whether his impairment may limit his ability to articulate his claims.").[1]  Moreover, "the

---

[1] Plaintiff provided some medical records in support of his complaint that identify he is diagnosed with schizophrenia and suffers from hallucinations and depression.  (Dkt. No. 1-2 at 7,

existence of considerable discovery or conflicting testimony generally does not rise to the standard of an exceptional circumstance necessary for an appointment of counsel." *Kinford*, 2021 WL 811449, at *2.

Accordingly, the Court DENIES Plaintiff's motion for appointment of counsel.

### IV.   CONCLUSION

The Court orders as follows:

1. The Report and Recommendation is ADOPTED. (Dkt. No. 12.) The complaint is dismissed without prejudice (Dkt. No. 6) and the Court DISMISSES this case.
2. The Court DENIES Plaintiff's motion for appointment of counsel. (Dkt. No. 13.)

Dated this 21st day of April, 2025.

David G. Estudillo
United States District Judge

---

18.) However, Plaintiff did not submit these records in support of his motion for appointment of counsel. Nor, does Plaintiff explain how these ailments prevent him from proceeding with this matter.